IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| STEVEN P. FLEMING, | : | HON. JEROME B. SIMANDLE |
| Plaintiff, | : | Civil No. 11-3894 (JBS/JS) |
| v. | : | |
| CAPE MAY COUNTY, FAMILY PART (D.Y.F.S.), et al., | : | **OPINION** |
| Defendants. | : | |

APPEARANCES:

Steven P. Fleming,
16 East Main Street
Lansdale, PA 19446
    Plaintiff Pro Se

**SIMANDLE**, District Judge:

## I.   INTRODUCTION

Plaintiff Steven P. Fleming, representing himself, submitted a Complaint which he seeks to file in forma pauperis pursuant to 28 U.S.C. § 1915(a) without prepayment of fees.

The Court has reviewed Plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit (Docket Item 1-2), which was received on July 7, 2011.  Because the Affidavit discloses that Plaintiff is indigent, the Court will permit the Complaint to be filed without prepayment of fees.

The Court is also required by Section 1915 to preliminarily review each Complaint filed in forma pauperis and to "dismiss the case at any time if the court determines that...the action... (I)

is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915 (e)(2)(B).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

Recently, the Supreme Court revised the standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009).  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The Supreme Court held that to prevent a summary dismissal, civil complaints must now allege "sufficient factual matter" to show that a claim is facially plausible.  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. at 1948. The Supreme Court's ruling in Iqbal emphasizes that a plaintiff

must demonstrate that the allegations of his complaint are plausible.  See id. at 1949-50; see also Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).

This Court is mindful, however, that the sufficiency of this pro se pleading must be construed liberally in favor of plaintiff, even after Iqbal.  See Erickson v. Pardus, 551 U.S. 89 (2007).  Moreover, a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

With these principles in mind, the Court turns to its analysis under 28 U.S.C. § 1915(e)(2), above.

I.  FACTUAL AND LEGAL ALLEGATIONS

The Plaintiff's complaint is confusing and ambiguous.  The Plaintiff does not allege clear causes of action or violations of

specific constitutional or statutory rights.  The Plaintiff sets forth a series of disorganize facts and general legal allegations.  (Compl. ¶ 9.)  The Court will attempt to outline the facts as asserted in the Complaint.

The Plaintiff brought suit in Cape May County, New Jersey, Steven P. Fleming v. Cape May County, et al., Civil No. CPM-L-601-09 and CPM-L-470-09.  The New Jersey Superior Court, Camden County Vicinage, refused Plaintiff's request to transfer the case to federal court.  Plaintiff's indigency application was also denied.  As a pro se litigant, Plaintiff alleges he was unable to "submit evidence, making argument and kept from a Jury, no court date was made available and no defense counsel could be located." (Compl. ¶ 2.)

The Plaintiff alleges his wife was abusive and neglectful and he called the Family Division in a New Jersey Superior Court vicinage for help.  It is unclear whether Cape May County or Atlantic County was called.  The Plaintiff then asserts that his wife disappeared with his three year old daughter and Defendant Donald A. Wilkinson, an attorney in Sea Isle City, NJ.  The Plaintiff alleges that Defendant Wilkinson then married his wife. (Compl. ¶ 6.)

The Complaint states that the Plaintiff's "daughter disappeared under the table at Cape May Court House, leaving no paper trail.  Same with the divorce, they change my child's name

without law, never found out what I was accused, never saw
visitation, non-court ordered child support: paid in full.  No
Internal Affairs or fathers Rights groups in South Jersey like
you find everywhere else in the United States."  (Compl. ¶ 6.)

After this custody battle, the Plaintiff was then involved
in an airline accident where he was the pilot in command.  The
Complaint maintains that his unsuccessful custody battle was a
determinative factor in the airline accident.  (Compl. ¶¶ 7-8.)

Finally, the Complaint states that the Plaintiff believes
"my daughter can never be found or she to find me, probably brain
washed." (Compl. ¶ 11.)

The Complaint generally alleges violations of the
Plaintiff's civil rights.  Specifically, the Complaint states
that the Plaintiff requests restitution for "kidnapping,
discrimination, criminal cover-up, personal injury, pain in
suffering, defamation of character (reckless endangerment,
insurance fraud), immoral & unethical conduct, lose wages, and
criminal contempt to my Civil Rights." (Compl. ¶ 12.)

## II. REMOVAL IS INAPPROPRIATE AND REQUIRES DISMISSAL

The Plaintiff's Civil Cover Sheet indicates that this action
is "Removed from State Court."  Removal is governed by 28 U.S.C.
§ 1441 which provides:

> [A]ny civil action brought in a State court of which the
> district courts of the United States have original
> jurisdiction, <u>may be removed by the defendant or the
> defendants</u>, to the district court of the United States

for the district and division embracing the place where
such action is pending.

28 U.S.C. § 1441(a)(emphasis added).  Only defendants may remove
an action from state court to federal court.  A plaintiff is not
authorized under 28 U.S.C. § 1441 to remove a civil action to
federal court.  In this case, the Plaintiff has no statutory
authority to remove an action he originally brought in state
court.  Therefore, removal is improper and Plaintiff's complaint
must be dismissed.

## III. LACK OF SUBJECT MATTER JURISDICTION REQUIRES DISMISSAL

While Plaintiff's complaint is couched as a civil rights
action, Plaintiff is essentially seeking to void a child custody
order and related decisions entered in family court in the State
of New Jersey.  Since the complaint challenges the outcome of
Plaintiff's cases in New Jersey Superior Court, the Court lacks
subject matter jurisdiction under the U.S. Supreme Court's
Rooker-Feldman doctrine to hear this action.  The basis of this
doctrine is that a federal district court such as this one is not
empowered under the United States Constitution to review a final
decision of a state court.  If a party such as the Plaintiff
feels that a state court decision was incorrectly decided, the
proper response is to appeal that decision to the appropriate
state appellate court; the federal district court cannot provide
any relief in such a case.  This doctrine is explained in greater
detail in the case of Parkview Associates Partnership v. City of

6

Lebanon, 225 F.3d 321, 324 (3d Cir. 2000).

The Court finds that Plaintiff's Complaint is precluded under the Rooker-Feldman doctrine because, based upon the Court's best effort at understanding the Complaint, the Plaintiff's state court custody dispute was "actually litigated" in state court and his claims for relief in this Court are "inextricably intertwined" with that underlying state court adjudication. See ITT Corp. v. Intelnet Int'l Corp., 366 F.3d 205, 210 (3d Cir. 2004). Plaintiff describes his injury as "My daughter was taken from the sole care-taker of this child (meaning me) without any due process of law, what so-ever. . . This unauthorized abduction in South Jersey, had hurt me in many ways. . . . The Superior Court [is] in criminal contempt of my Civil Rights." (Compl. ¶¶ 7, 9.) In order to address this alleged injury, the Court would be required to determine that a state court's decision was wrong, or to void a state court's ruling. This is precisely what this federal court is prohibited from doing under the Rooker-Feldman doctrine. ITT Corp. 366 F.3d at 211.

Therefore, to the extent the Plaintiff's complaint challenges the decisions of the New Jersey Superior Court Cape May County and Atlantic County vicinages, dismissal is required because this Court lacks subject matter jurisdiction.

## IV. NO DIVERSITY JURISDICTION FOR DOMESTIC RELATIONS

Finally, to the extent the complaint alleges interference by

Donald A. Wilkingson, Esq., a New Jersey resident, in the custody dispute between the Plaintiff and his wife, the Court lacks subject matter jurisdiction to hear the dispute.

The Court's best attempt at understanding the Plaintiff's disorderly complaint is that the Plaintiff is seeking to challenge the outcome of his custody case in New Jersey Superior Court and his child's subsequent name change. The Plaintiff is seeking the return of his daughter who is currently in the custody of his wife and Mr. Wilkinson pursuant to the state court's determination of his family action.

The court not only lacks subject matter jurisdiction to review a state court's determination under the Rooker-Feldman doctrine as discussed above, but the court also lacks subject matter jurisdiction to hear this type of dispute in the first instance. While Plaintiff, a Pennsylvania resident, and Mr. Wilkinson, presumably a New Jersey resident, are diverse, the court lacks diversity jurisdiction over cases involving domestic relations. Specifically:

> the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States, has been interpreted by the federal courts to apply with equal vigor in suits brought pursuant to diversity jurisdiction. This application is consistent with Barber's directive to limit federal courts' exercise of diversity jurisdiction over suits for divorce and alimony decrees. We conclude, therefore, that the domestic relations exception, as articulated by this Court since Barber, divests the federal courts of power to issue divorce, alimony, and child custody decrees.

8

Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992)(citations omitted).  See also Magaziner v. Montemuro, 468 F.2d 782, 787 (3d. Cir. 1972) ("Domestic relations is a field peculiarly suited to state regulation and control and peculiarly unsuited to control by federal courts.").

As this case is inextricably intertwined with the Plaintiff's custody and divorce cases brought in state court, this Court lacks subject matter jurisdiction pursuant to the domestic relations exception to federal diversity jurisdiction.

**V.   CONCLUSION**

For the reasons discussed above, this Court lacks subject matter jurisdiction over this action and the Plaintiff's complaint will be dismissed in accordance with 28 U.S.C. § 1915(e)(2).

The accompanying Order will be entered.


**December 23, 2011**                    **s/ Jerome B. Simandle**
Date                                     JEROME B. SIMANDLE
                                         United States District Judge

9