```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| STEVEN P. FLEMING, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 11-3894 (JBS/JS) |
| v. | |
| CAPE MAY COUNTY, FAMILY PART (D.Y.F.S.), et al., | **MEMORANDUM OPINION** |
| Defendants. | |

APPEARANCES:

Mr. Steven P. Fleming,
16 East Main Street
Lansdale, PA 19446
    Plaintiff Pro Se

**SIMANDLE**, Chief Judge:

    This matter is before the Court upon Plaintiff Steven P. Fleming's motion for reconsideration [Docket Item 5] of this Court's order dismissing his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) [Docket Item 4]. The Court finds as follows:

    1. The Plaintiff Steven P. Fleming ("Plaintiff") submitted a complaint which he sought to file in forma pauperis pursuant to 28 U.S.C. § 1915(a). [Docket Item 1.] The Court reviewed Plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit and concluded that the Plaintiff was indigent and permitted the complaint to be filed without prepayment of fees. [Docket Item 4.] The Court then

preliminarily reviewed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) which requires the court to "dismiss the case at any time if the court determines that...the action... (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915 (e)(2)(B).

    2.  The court first noted that the Plaintiff's complaint was confusing and ambiguous.  The Plaintiff did not allege clear causes of action or violations of specific constitutional or statutory rights.  The Plaintiff set forth a series of disorganized facts and general legal allegations.  (Compl. ¶ 9.)  The court then attempted to outline the facts as asserted in the complaint to determine the sufficiency of the pleadings.

    3.  The Court's best attempt at understanding the facts alleged in the complaint were as follows.  The Plaintiff brought suit in Cape May County, New Jersey, <u>Steven P. Fleming v. Cape May County</u>, et al., Civil No. CPM-L-601-09 and CPM-L-470-09.  The New Jersey Superior Court, Camden County Vicinage, refused Plaintiff's request to transfer the case to federal court.  Plaintiff's indigency application was also denied.  As a pro se litigant, Plaintiff alleged he was unable to "submit evidence, making argument and kept from a Jury, no court date was made available and <u>no</u> defense counsel could be located."

(Compl. ¶ 2.)  l. ¶ 2.)  The Complaint stated that the Plaintiff's "daughter disappeared under the table at Cape May Court House, leaving <u>no</u> paper trail.  Same with the divorce, they change my child's name without law, never found out what I was accused, never saw visitation, non-court ordered child support: paid in full.  No Internal Affairs or fathers Rights groups in South Jersey like you find everywhere else in the United States."  (Compl. ¶ 6.) The Plaintiff then asserted that his wife disappeared with his three year old daughter and Defendant Donald A. Wilkinson, an attorney in Sea Isle City, NJ.  The Plaintiff alleged that Defendant Wilkinson then married his wife. (Compl. ¶ 6.)  The Complaint then requested restitution for "kidnapping, discrimination, criminal cover-up, personal injury, pain in suffering, defamation of character (reckless endangerment, insurance fraud), immoral & unethical conduct, lose wages, and criminal contempt to my Civil Rights." (Compl. ¶ 12.)

3.  The court held that the Plaintiff's complaint must be dismissed.  First and foremost, the court noted that removal was improper because 28 U.S.C. § 1441 only permits a defendant in a state action to remove a case to federal court.  The Plaintiff's Civil Cover Sheet indicated that this action was "Removed from State Court."  As the Plaintiff initially filed his case in state court and was not a defendant in the state

court action, the court concluded that the Plaintiff had no statutory authority to remove the case to federal court. [Docket Item 3.]

4. The court further noted that it lacked subject matter jurisdiction to hear the matter under the Rooker-Feldman doctrine.  The court's best attempt at understanding the Plaintiff's complaint was that the Plaintiff sought to overturn a state court's decision in a matter that was actually litigated in state court.  See ITT Corp. v. Intelnet Int'l Corp., 366 F.3d 205, 210 (3d Cir. 2004).  A federal district court such as this one is not empowered under the United States Constitution to review a final decision of a state court.  The Court also noted that it lacked diversity jurisdiction over cases involving domestic relations, and the Plaintiff's complaint was inextricably intertwined with his custody and divorce cases brought in state court.  See Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992).  Therefore, dismissal was proper.  [Docket Item 3.]

5. The Plaintiff then filed the instant motion for reconsideration challenging the court's dismissal of his complaint.  [Docket Item 5.]  The Plaintiff maintains that "The Claim here is Kidnapping, the taking of a child from the sole care-taker (meaning me) without any due process of law-whatsoever." [Docket Item 5 ¶1.]  The Plaintiff's motion for

4

reconsideration then puts forth six pages of disorganized and confusing statements without addressing the reconsideration standard.

6.  Local Civil Rule 7.1(I) governs the Court's review of Plaintiff's motion for reconsideration.  Rule 7.1(I) requires the moving party to set forth the factual matters or controlling legal authorities it believes the Court overlooked when rendering  its initial decision.  L. Civ. R. 7.1(I).  To prevail on a motion for reconsideration, the movant must show:

> (1) an intervening change in the controlling law; (2) the  availability of new evidence that was not available when  the court . . . [rendered the judgment in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

Max's Seafood Café ex rel. Lou-Ann, Inc., v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); see also Tehan v. Disability Management Services, Inc., 111 F. Supp. 2d 542, 549 (D.N.J. 2000).  "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990).

7.  The Plaintiff does not argue in his motion for reconsideration that the Court applied the wrong legal

5

standard, that there has been an intervening change in the law or that there is new evidence available which was not available when the court dismissed his complaint.  Rather, the court's best attempt at understanding the Plaintiff's motion for reconsideration is the Plaintiff's argument that the court did not understand that his central claim alleges kidnapping. [Docket Item 5.]  The label Plaintiff attaches to this claim does not matter for the resolution of this motion; the fact remains that a state court plaintiff cannot "remove" his own case to the federal court, nor does alleging a "kidnapping" in the context of a state tribunal's child custody determination transform the dispute into one governed by federal law.  In both instances, this Court lacks jurisdiction to hear this case.

    8.  The Plaintiff's motion for reconsideration fails to address the primary reasons for dismissing his complaint: the Plaintiff's lack of statutory authority to remove his case to federal court and the court's lack of subject matter jurisdiction.  The Plaintiff's motion for reconsideration does not dispute that he first filed this action in state court and that he was the plaintiff in the state court action.  The Plaintiff does not argue that the court improperly applied the removal statute, 28 U.S.C. § 1441, in concluding that a plaintiff could not remove a case to federal court when he

6

originally brought the action in state court. Therefore, removal was inappropriate in this case. In addition, the Plaintiff does not contest the Court's conclusion that it lacks subject matter jurisdiction pursuant to the <u>Rooker-Feldman</u> doctrine and the court lacked diversity jurisdiction due to the domestic relations exception. Therefore, the Plaintiff's motion for reconsideration should be denied.

    9. For the reasons set forth above, the Plaintiff's motion for reconsideration will be denied. The accompanying Order will be entered.


**January 18, 2012**            **s/ Jerome B. Simandle**
Date                                 JEROME B. SIMANDLE
                                        Chief U.S. District Judge